## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| **R. ALEXANDER ACOSTA** Secretary of Labor, United States Department of Labor, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Civil action no.: |
| v. | ) ) | |
| **SHORELINE GROWERS, INC,** **d/b/a SAWYER NURSERY,** **THOMAS KOWIESKI and** **RICHARD BROLICK, Individually,** | ) ) ) ) ) ) | **Legal and Equitable Relief Sought** |
| Defendants. | ) ) ) | |

## COMPLAINT

Plaintiff, **R. ALEXANDER ACOSTA,** Secretary of Labor, United States Department of Labor, brings this action to enjoin defendants **SHORELINE GROWERS, INC., d/b/a/ SAWYER NURSERY, THOMAS KOWIESKI, and RICHARD BROLICK** (hereinafter "defendants") from violating the provisions of sections 6, 7, 11 and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201, *et seq.*), (hereinafter "the Act"), pursuant to section 17 of the Act; and to recover unpaid overtime compensation owing to  defendants' employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the Act.

### I

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

## II

A.      Defendant, **SHORELINE GROWERS, INC., d/b/a/ SAWYER NURSERY**, is
and at all times hereinafter mentioned was a corporation with an office and a place of business at
**5401 Port Sheldon Street, Hudsonville, MI 49426**, within the jurisdiction of this court, and is
and at all times hereinafter mentioned was engaged under the name Sawyer Nursery in the
operation of a wholesale plant nursery and in the performance of related types of activities.

B.      Defendant **THOMAS KOWIESKI,** an individual, is an owner of defendant
**SHORELINE GROWERS, INC., d/b/a/ SAWYER NURSERY**, and, at all times hereinafter
mentioned, supervised the day-to-day operations and management of the corporate defendant in
relation to its employees, including, but not limited to determining whether to classify
individuals as independent contractors or employees.  At all times hereinafter mentioned,
defendant **THOMAS KOWIESKI** was engaged in business within Ottowa County, within the
jurisdiction of this court.  **THOMAS KOWIESKI** acted directly or indirectly in the interest of
**SHORELINE GROWERS, INC., d/b/a/ SAWYER NURSERY** in relation to its employees
and is an employer within the meaning of section 3(d) of the Act.

C.      Defendant **RICHARD BROLICK,** an individual, is an owner of defendant
**SHORELINE GROWERS, INC., d/b/a/ SAWYER NURSERY**, and, at all times hereinafter
mentioned, supervised the day-to-day operations and management of the corporate defendant in
relation to its employees, including, but not limited to participating in the hiring of seasonal
workers.  At all times hereinafter mentioned, defendant **THOMAS KOWIESKI** was engaged in
business within Ottowa County, within the jurisdiction of this court.  **THOMAS KOWIESKI**
acted directly or indirectly in the interest of **SHORELINE GROWERS, INC., d/b/a/**

**SAWYER NURSERY** in relation to its employees and is an employer within the meaning of section 3(d) of the Act.

### III

Defendant **SHORELINE GROWERS, INC., d/b/a/ SAWYER NURSERY** is and at all times hereinafter mentioned was engaged in related activities performed through unified operation or common control for a common business purpose, and is and at all times hereinafter mentioned was an enterprise within the meaning of section 3(r) of the Act.

### IV

Defendant **SHORELINE GROWERS, INC., d/b/a/ SAWYER NURSERY** at all times hereinafter mentioned was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

### V

Defendants repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, by employing many of their employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their

employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

## VII

Defendants, employers subject to the provisions of the Act, repeatedly have violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees and the regular rates at which they were employed.

## VIII

During the period since **June 14, 2014**, defendants repeatedly have violated the aforesaid provisions of the Act.  A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for a judgment against defendants as follows:

(a)      For an Order pursuant to section 17 of the Act, permanently enjoining and restraining defendants, their officers, agents, servants, employees, and those persons in active

concert or participation with them from prospectively violating the provisions of section 15 of the Act; and

(b)    For an Order

(1)    pursuant to section 16(c) of the Act finding defendants liable for unpaid overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due defendants' employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded,

(2)    pursuant to section 17 enjoining and restraining defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants, from withholding payment of overtime compensation found to be due defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

(c)    For an Order awarding plaintiff the costs of this action; and

(d)    For an Order granting such other and further relief as may be necessary or appropriate.

**NICHOLAS C. GEALE**
Acting Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

                                                                 ___/s_____

                                                                 **Lindsey Rothfeder**
                                                                 Attorney

**P.O. ADDRESS:**
U.S. Department of Labor                                         Attorneys for **R. Alexandar Acosta**
Office of the Solicitor                                          Secretary of Labor, United States
230 South Dearborn Street                                       Department of Labor, Plaintiff
Eighth Floor
Chicago, Illinois 60604
Telephone:  312/353-**0890**
rothfeder.lindsey@dol.gov@dol.gov